The opinion of the Court was delivered by

Mr. Justice Colcoch.

It appearing in proof that the defendant in this action was in possession by the authority of John Foster, it was sufficient for the plaintiff to shew a title from John Foster, it is wrell established that the defendant to a judgment or decree cannot hold against a purchaser under such judgment or decree; and the rule would be of little practical utility, if jt did not extend to one put in possession by him. The non-suit was then properly refused, and the defendant must rest on a title in himself, and disprove if he can that he went in under John Foster. I will pow enquire whether he has done so.
The deed produced by him is dated two days after the plaintiff’s deed; but it is said that.it is the deed of the Sheriff, Qtid it must have relation back to. the date of the judgment *483 which operated as a lien on it. Now the objection to this is, that the defendent himself has shewn that the Sheriff had no legal authority to make the deed. Coun says he purchased the land for John Foster, as a friend, and paid the Sheriff the money, and that he was afterwards repaid by John Foster. The lien is then discharged, and it was not competent for Conn, after he was repaid, to authorise the Sheriff to make a title to tiro defendant. This would be a very convenient mode to cover property. The deed may be considered as a good deed from John Foster, by his agent, as of the date at which it was made, and as such, can have no operation or effect against the plaintiff’s title. It is contended however, on the part the defendant, that his deed must avail, because the mortgage from John to Elijah Foster was fraudulent. But to this conclusive objections are presented; first, that the judgment of a court of competent jurisdiction, upon a matter of which it has cognizance, cannot be impeached collaterally, but it stands firm until vacated or reversed, and binds not only parties but privies. 13 Johnson, Rep. 141 and 561, Halt vs. Salston & Schenck.
If this were not the case, there would be'no security to purchaser nor any end of litigation. Could the plaintiff in this case, have imagined that John Foster or any one claiming under him would be permitted to come in and say, this mortgage ivas fraudulent? Could he have been prepared for such an objection? Again, if John F oster could have contested this point, after the decree of the court of equity and while that was in force, when would it be settled? not by this decision. ' If the declarations of a defendant could be admitted to prove that a bond or note, on which a judgment had been obtained, was void, having been given for usury, illegal consideration or by duress, thus collaterally destroying the judgment, there would be no safety in purchasing at Sheriff’s sales. An unprincipled man or a disappointed debtor might be induced to make such declarations, and thus deter men from buying at a. Sheriff’s sale any of his property. If a solemn deed and a de¿ scree of a court are not estoppels, I am at a loss to conceive what .ar.e. But it is a waste of time to say more on. this point; the- *484 authorities are clear as well as the principle. Sec Phillips on, Evidence, 226. But if it had been competent to assail the mortgage in this trial, the evidence offered did not prove that it was fraudulent. The declarations of the Fosters were proven to he different at different times; and the internal evidence offered by the circumstances of the case, preponderate in favor of the legality of the mortgage. The proof that John Foster was in embarrassed circumstances would readily induce a belief that security had been required of him by Taylor, when the land was sold: the subsequent arrest ofElijah on a ca. sa. and satisfaction of the debito Taylor by him, together with the execution of the mortgage and the decree thereon, irrcsistably lead to the conclusion that the mortgage was a real one. •'
But this is not all; if the deed to the defendant could be considered as a deed from the Sheriff! and could have relation back to the judgment, yet it would not avail the defendant, while the mortgage remains of force and the decree of the court unreversed; because the mortgage is prior in date to the judgment, and does not loose its binding efficacy as to a judgment, from its not being recorded; See 1st Bay, 304, and 2nd Bay, 80. But this ground may be considered as gratuitous, enough having been before determined. In every possible point of view, and giving the defendant the full benefit of Coun’s testimony, it is clear that the verdict is right, and the motion for the new trial is therefore»refused.
Richardson, Johnson, JYott, concurred.